**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREGORY C. BONTEMPS, | No. 15-17176 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-02185-TLN-AC |
| v. | |
| NEVES; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted February 14, 2017**

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Gregory C. Bontemps, a California state prisoner, appeals pro se from the

district court's summary judgment for failure to exhaust administrative remedies in

his 42 U.S.C. § 1983 action alleging excessive force and retaliation.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Williams v. Paramo*,

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

775 F.3d 1182, 1191 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment because Bontemps failed to raise a genuine dispute of material fact as to whether he exhausted his administrative remedies as required under the Prison Litigation Reform Act ("PLRA"), or whether administrative remedies were effectively unavailable. *See Ross v. Blake*, 136 S. Ct. 1850, 1858-60 (2016) (exhaustion not required when administrative remedy is unavailable); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." (citation and internal quotation marks omitted)).

Bontemps's request for appointment of counsel, attached to the opening brief, is denied.

**AFFIRMED.**